UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| USDC SDNY | |
| DOCUMENT | |
| ELECTRONICALLY FILED | |
| DOC #:_____ | |
| DATE FILED: 02/03/2023 | |

-----------------------------------------------------------------------X
:
WILEISA ANNETTE S.,                                          :
:
Plaintiff,         :
:                         20-cv-07474 (LJL)
:
-v-                                    :
:                         MEMORANDUM &
COMMISSIONER OF SOCIAL SECURITY,             :                              ORDER
:
Defendant.       :
:
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

On January 25, 2022, Magistrate Judge Jones issued a Report and Recommendation

recommending that the Court deny the motion for judgment on the pleadings in favor of Plaintiff

and grant the motion for judgment on the pleadings in favor of Defendant.  Dkt. No. 25.  On

February 8, 2022, Plaintiff filed objections to the Report and Recommendation, Dkt. No. 26, and,

on February 28, 2022, Defendant filed a response in opposition to those objections, Dkt. No. 27.

In reviewing a Magistrate Judge's report and recommendation, a district court "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." 28 U.S.C. § 636(b)(1).  The Court reviews any portion of the report to which

a party makes an objection de novo; in the absence of any objection, the Court reviews the report

and recommendation only for clear error.  Fed. R. Civ. P. 72(b) Advisory Committee Notes;

*Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018).  However, "objections that are merely

perfunctory responses argued in an attempt to engage the district court in a rehashing of the same

arguments set forth in the original [papers] will not suffice to invoke de novo review . . . ."

*Owusu v. New York State Ins.*, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009) (quoting *Vega v. Artuz*,

2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)).  "Were it otherwise, the requirement to

make a specific written objection to 'portions of the report' or 'specified proposed findings,' 28

U.S.C. § 636(b)(1), would be an empty formality, and 'the magistrate's work [would be reduced]

to something akin to a meaningless dress rehearsal.'"  *Vega*, 2002 WL 31174466, at *1; *see Loc.

*3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York*, 2021 WL 4706162,

at *1 (S.D.N.Y. Oct. 7, 2021).  Thus, when considering objections that "merely re-assert

arguments already submitted to the Magistrate Judge, this Court need only review the Report and

Recommendation for clear error."  *Owusu*, 655 F. Supp. 2d at 313; *see also Pinkney v.*

*Progressive Home Health Servs.*, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) ("To the

extent, however, that the party makes only conclusory or general objections, or simply reiterates

the original arguments, the Court will review the Report strictly for clear error . . . .  [N]o party

[should] be allowed a 'second bite at the apple' by simply relitigating a prior argument.");

*Kiggins v. Barnhart*, 2004 WL 1124169, at *1 (S.D.N.Y. May 20, 2004) (same); *Singh v. U.S.*

*Security Assocs., Inc.*, 2008 WL 2324110, at *1 (S.D.N.Y. June 4, 2008) (same); *Ortiz v.*

*Chertoff*, 2009 WL 2486007, at *1 (S.D.N.Y. Aug. 14, 2009) (same).

Plaintiff makes three objections to Magistrate Judge Jones's well-reasoned report and

recommendation.  First, Plaintiff asserts in a perfunctory manner that the "Magistrate Judge is

incorrect to opine that the [administrative law judge ("ALJ")] properly weighed opinion evidence

under the old regulations."  Dkt. No. 26 at 1.  Plaintiff, however, does not specify exactly what

evidence the Magistrate Judge ignored or failed to properly weigh and instead merely "reiterates

from her brief the numerous medical reports tending to support her claim of disability, as well as

the treating source opinions."  *Id.* at 2.  Because this objection is conclusory, the Court reviews it

for clear error.  It finds none.  *See, e.g.*, *Loc. 3621, EMS Officers Union, DC-37*, 2021 WL

4706162, at *1; *Pinkney v. Progressive Home Health Servs.*, 2008 WL 2811816, at *1.

2

Second, Plaintiff argues that the ALJ and Magistrate Judge Jones improperly afforded greater weight to the opinion of a consulting physician than those of the treating physicians.  Dkt. No. 26 at 2.  Plaintiff notes that this is "particularly troubling when the symptoms of Plaintiff's lupus and fibromyalgia are known to wax and wane over time, and therefore necessitate the opinions of long-time treating physicians over one-time consultative examiners."  *Id.*  Plaintiff made this identical argument to the Magistrate Judge.  *See* Dkt. No. 17 at 14 ("[I]t was improper to rely solely on a consultative examination when Plaintiff's conditions include symptoms known to wax and wane.").  She does not identify any respect in which the Magistrate Judge erred in considering that argument.  The objection is conclusory.  The Court thus reviews it for clear error.  *See, e.g.*, *Loc. 3621, EMS Officers Union, DC-37*, 2021 WL 4706162, at *1; *Pinkney v. Progressive Home Health Servs.*, 2008 WL 2811816, at *1.

The Court finds none.  As Magistrate Judge Jones recognized, "extra caution" is needed "when evaluating symptoms related to lupus and fibromyalgia" as they are "notoriously difficult to treat and manifest variable symptoms over time."  Dkt. No. 25 at 17.  However, the ALJ's decision to afford greater weight to the opinion of the consulting physician than those of the treating physicians was supported by substantial evidence as the ALJ found that the consulting physician's opinion was more consistent with Plaintiff's medical and treatment history than those of Plaintiff's treating physicians.  *See, e.g.*, Dkt. No. 15 at 15, 18–19.  And, "it is well-settled that a consulting [physician's] opinion may be given great weight and may constitute substantial evidence to support a decision," *Colbert v. Comm'r of Soc. Sec.*, 313 F. Supp. 3d 562, 577 (S.D.N.Y. 2018) (collective cases), particularly "where the ALJ finds it more consistent with the medical evidence," *id.*

Third, Plaintiff objects that the Magistrate Judge "erroneously failed to explain how Plaintiff's daily activities translated into an ability to perform full-time work, particularly when one of these activities was the ability to stand a mere 15 minutes without pain, which would be difficult to translate to an ability to perform full-time work." Dkt. No. 26 at 3.  Although not entirely clear, this objection could be understood to claim a legal error in the Magistrate Judge's Report and Recommendation.[1]  In addressing the evidence that supported the ALJ's decision to give weight to the consulting physician rather than the treating physicians, the Magistrate Judge stated: "Plaintiff's activities of daily living, while limited, included some activities that could reasonably be considered inconsistent with the debilitating limitations assessed by the treating physicians, including the ability to drive, stand for 15 minutes without pain, attend to personal hygiene, clean weekly, and shop bi-weekly." Dkt. No. 25 at 15.  The Magistrate Judge, however, never clearly explained how those activities of daily living—such as the ability to stand for 15 minutes without pain—were inconsistent with the opinions of the treating physicians that included that Plaintiff could not stand for more than 30 minutes continuously or for more than an hour total during an 8-hour workday. Dkt. No. 25 at 11–12.

The Court need not determine whether it would have used the exact same language the Magistrate Judge used in rejecting Plaintiff's claim.  It reviews the Report and Recommendation as a whole to identify whether the Magistrate Judge committed error in its findings or recommendations.  *See* 28 U.S.C. § 636(b)(1)(C).  In doing so, it concludes that the Magistrate

---

[1] To the extent, Plaintiff is merely objecting to the ALJ's finding that Plaintiff could perform full-time work in light of her account of her daily activities, that objection was not raised in front of the Magistrate Judge and thus this Court declines to review it.  *See Zhao v. State Univ. of New York*, 2011 WL 3610717, at *6 (E.D.N.Y. Aug. 15, 2011), *aff'd sub nom. Jin Zhao v. Warnock*, 551 F. App'x 18 (2d Cir. 2014) ("Further, to the extent that plaintiff's objections raise new arguments that could have been raised before, the court need not consider them.").

Judge did not commit error.  The Magistrate Judge's conclusion that the ALJ acted within its discretion in giving the opinions of the treating physicians little weight was not based on the evidence of activities of daily living alone.  It was based primarily on the evidence from the clinical examinations which showed no evidence of muscle atrophy or sensory deficits and on the Plaintiff's overall treatment records including that claimant's impairments had been treated with conservative measures such as medication and physical therapy.  Dkt. No. 25 at 13–17.  This is the same evidence that the ALJ focusing on in deciding to give little weight to the opinions of the treating physicians.  Dkt. No. 14 at 18–19.

Moreover, although the Magistrate Judge did not elaborate, he was not wrong in concluding that the ALJ could find that the activities of daily living activities were inconsistent with the opinions of the two treating physicians.  One of the treating physicians, Dr. Mashensky, opined that the patient was "constantly suffering pain," could walk zero city blocks without rest, would have to take unscheduled breaks constantly during an eight hour working day, and would rarely or never be able to look up or down and sideways.  Dkt. No. 15-2 at 723–29.  Similarly, the other treating physician, Dr. Patel, concluded that Plaintiff suffered from constant sharp pain (rated 10/10), could walk zero city blocks without rest, and would rarely or never be able to look up or down and sideways.  *Id.* at 731–37.  These statements—*i.e.*, that Plaintiff's pain was *constant*, she could not look sideways, and could walk zero city blocks without rest—could reasonably be viewed as inconsistent with Plaintiff's testimony that she could stand for fifteen minutes *without* pain, could drive to and from appointments (presumably requiring her to look sideways), and was able to go shopping occasionally.  *Id.*

The Court thus, applying de novo review, finds no error in the Magistrate Judge's determination that Plaintiff's account of her activities of daily living supported the ALJ's

decision to place little weight on the opinions of the treating physicians.  On review of an ALJ's decision, the court is not tasked with deciding whether a contrary finding is appropriate, but only with determining whether the ALJ's factual findings are "supported by substantial evidence"— defined as "more than a mere scintilla."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014).  Here, the Magistrate Judge did exactly that: the Magistrate Judge reviewed the Plaintiff's medical evidence, treatment history, as well as the Plaintiff's own account of her daily activities and found that they provided substantial support for the ALJ's determination about the significance of the treating physician's opinions. *See Rusin v. Berryhill*, 726 F. App'x 837, 839 (2d Cir. 2018) ("The ALJ did not err in declining to afford Dr. Letourneau's opinion controlling weight because his opinion is inconsistent with his treatment notes and diagnostic observations, the other medical opinion evidence, and Rusin's reported activities of daily living.").

The Court has reviewed the entire Report and Recommendation, including those portions to which Plaintiff did not object.  The Court finds no clear error with respect to those portions that Plaintiff either did not object to or objected to only on a conclusory basis.  With respect to the remaining portions of the Report and Recommendation, the Court finds no error.  The Court hereby ORDERS that the Report and Recommendation is ADOPTED in its entirety, with the additional clarifications outlined this Memorandum & Order.

The Clerk of Court is respectfully directed to close Dkt. Nos. 16, 22.

SO ORDERED.

Dated: February 3, 2023
     New York, New York

_____
          LEWIS J. LIMAN
        United States District Judge